Francisco Antonio HERRERA–
VELASQUEZ, Petitioner

v.

Eric H. HOLDER, Jr., U.S. Attorney
General, Respondent.

No. 09–60625
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 28, 2010.

John L. Mendoza, Esq., Houston, TX,
for Petitioner.

Gregory Michael Kelch, Trish A. Mas-
kew, Esq., Tangerlia Cox, U.S. Depart-
ment of Justice Office of Immigration Liti-
gation, Washington, DC, for Respondent.

Before JOLLY, WIENER, and
ELROD, Circuit Judges.

PER CURIAM: *

Petitioner Francisco Herrera–Velasquez
("Petitioner"), a native and citizen of El
Salvador, petitions for review of an order
of the Board of Immigration Appeals
(BIA) dismissing his appeal from an Immi-
gration Judge's order denying Petitioner's
request for asylum and withholding of re-
moval. Herrera–Velasquez contends that
he is entitled to asylum and withholding of
removal because of the likelihood of future
persecution for his membership in a partic-
ular social group.

Petitioner does not challenge the BIA's
determination that his asylum application
was untimely. As he has not attempted to
identify a constitutional or legal issue with
regard to the timeliness of his asylum ap-
plication, we lack jurisdiction to consider
the issue. *Zhu v. Gonzales,* 493 F.3d 588,
594–95 (5th Cir.2007).

We review the BIA's determination that
Petitioner is not eligible for withholding of
removal under the substantial evidence
standard, viz., we will affirm "unless the
evidence compels a contrary conclusion."
*Efe v. Ashcroft,* 293 F.3d 899, 903 (5th
Cir.2002); *Carbajal–Gonzalez v. INS,* 78
F.3d 194, 197 (5th Cir.1996).

Substantial evidence supports the BIA's
determination that Petitioner is not a
member of a particular social group that is
subject to persecution. He seeks with-
holding of removal based on his status as a
young Salvadoran male and his member-
ship in a group of persons who are target-
ed by Salvadoran gangs for persecution
based on the perception that they have the
financial ability to pay extortion. His sta-
tus as a young Salvadoran male who does
not belong to a gang is too generalized to
identify him as a member of a particular
social group. *See Matter of S–E–G–,* 24 I.
& N. Dec. 579, 582–84 (BIA 2008). He has
not described the group of Salvadorans
allegedly subject to extortion in a manner
that would allow the group to be recog-
nized as a discrete class of persons. *Id.* at
584; *In re A–M–E & J–G–U–,* 24 I. & N.
Dec. 69, 73–76 (BIA 2007).

Accordingly, the petition for review is
DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.